DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated appeal is from the March 14, 2005 judgment of the Ottawa County Municipal Court, which sentenced appellant, Nathan E. Sims, Jr., following his guilty plea and conviction of complicity to aggravated menacing, a violation of R.C. 2923.03(A)(2). Appellant's sentence included imprisonment for 180 days in the Ottawa County Detention Facility. Because we find that the trial court properly sentenced appellant, we affirm the decision of the lower court. Appellant asserts the following assignments of error on appeal:
 {¶ 2} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN ORDEREING [SIC] APPELLANT'S SENTENCE TO RUN CONSECUTIVELY WITH THE SENECA COUNTY FELONY SENTENCE.
 {¶ 3} "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN SENTENCING APPELLANT TO THE MAXIMUM TERM OF INCARCERATION WITHOUT CONSIDERING THE R.C. 2929.22 FACTORS."
 {¶ 4} In his first assignment of error, appellant contends that the court was required by R.C. 2929.41(A) to order that appellant's imprisonment sentence be served concurrently with his prior felony sentence imposed in Seneca County in an unrelated criminal case.
 {¶ 5} The presentence investigation report indicated that on July 31, 2003, appellant violated his probation for a prior sentence in Seneca County and was sentenced to imprisonment on two prior convictions, for 12 months and 10 months respectively, to be served concurrently. The exact date of the sentence is not in the record. However, appellant's counsel indicated during the sentencing hearing in the Ottawa County case that appellant had been sentenced on or about September 23, 2003, by the Seneca County court. Appellant was sentenced by the Ottawa County Municipal Court on March 14, 2005, following his guilty plea on December 20, 2004. Based on the information in the record, it appears that appellant had already fully served his sentence in the Seneca County case prior to entering a guilty plea and receiving a sentence in the case before us. Appellant's first assignment of error is not well-taken.
 {¶ 6} In his second assignment of error appellant contends that the trial court erred in sentencing him to the maximum term of imprisonment without considering the factors of R.C. 2929.22.
 {¶ 7} The trial court is not required to recite or explain the sentencing factors before imposing a misdemeanor sentence. State v.Dominijanni, 6th Dist. App. No. WD-02-008, 2003-Ohio-792, at ¶ 6 andState v. Townsend, 6th Dist. App. No. L-01-1441, 2002-Ohio-4077, at ¶ 6. However, in this case, the court indicated at the sentencing hearing that appellant's sentence was based upon the information contained in the presentence investigation report, appellant's prior record, and the facts and circumstances of the case. Because appellant's sentence falls within the statutory limits, we must presume that the trial court properly considered the sentencing factors indicated in the statute absent evidence to the contrary. Id. Appellant's second assignment of error is not well-taken.
 {¶ 8} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Ottawa County Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal; for which sum, judgment is rendered against appellant on behalf of Ottawa County, and for which, execution is awarded. See App.R. 24.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Skow, J., Concur.